No. 120.—LOUISA TURNER, Administratrix, v. JOSEPH C. BEALL.

An agent is not accountable to his principal, nor to the legal representatives of the principal, for rents which he collected during the war in Confederate notes, with the knowledge and approval of the principal.

Parol evidence is admissible to prove a written agreement by the holder of a promissory note, extending the time of payment. Such evidence is not intended to prove an interruption of prescription, and is not, therefore, excluded by the act of 1858, which prohibits the reception of parol evidence to establish an interruption of prescription as against an estate.

APPEAL from the District Court, parish of Caddo.  Levisee, J.
J. W. Jones, for plaintiff and appellant.  S. W. Chapman, for defendant and appellee.

HOWE, J.  The plaintiff, as representative of the succession of Jarret L. Turner, instituted this action to recover from the defendant the sum of $1920, alleged to have been collected by him as agent of the decedent, from October 1, 1862, to October 1, 1866.  There was a demand in reconvention by defendant, for professional services and for commissions as agent.  Judgment was rendered in favor of plaintiff for $100, with interest, and the reconventional demand was sustained for $33 33, and the plaintiff appealed.

It appears that, in 1862, Turner left Shreveport and went to Texas, placing his real estate in the former place in charge of Beall, as his agent, to rent it and collect rents.  At the time, there was nothing in circulation but Confederate notes, or currency equally unlawful; no property could be rented except for this consideration, and no rents could be collected except in this sort of paper.  There can be no doubt that Turner knew this, and tacitly authorized such renting and collection.  It would be unjust, therefore, to allow his representative to collect in lawful money this portion of the amount received by Beall.

The war having closed, Beall commenced to collect rent in lawful currency, and the amount thus received by him was $455.  Of this sum he paid out for Turner $232 85 upon the note of the latter, held by E. Johns.  His authority to do this is sufficiently established; but the plaintiff contends that this note was prescribed when paid, and that the evidence of Johns on the subject of prescription was improperly received by the district judge, under the law of 1858.  R. S. 1870, Sec. 2819, which forbids the reception of parol evidence to prove an interruption of prescription as against a succession.  But we do

not think the court erred. The proof was not of an interruption of prescription, but of an extension of the note, presumably before maturity, by a written agreement of the holder, so that it first fell due October 15, 1861, and it was therefore not prescribed when paid by Beall in February, 1866. In fine we see no sufficient reason for disturbing the decree.

Judgment affirmed.